UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERKLEY ASSURANCE COMPANY,

    Plaintiff,

v.                                                                         Case No: 8:16-cv-3466-T-17JSS

EXPERT GROUP INTERNATIONAL
INC.,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Compel ("Motion") (Dkt. 24), and Defendant's response in opposition (Dkt. 29). For the reasons that follow, the Motion is granted in part and denied in part.

### **BACKGROUND**

Plaintiff alleges that Defendant is a business that places au pairs with American families (Dkt. 1 ¶ 2), which Defendant denies (Dkt. 14 ¶ 2). Defendant was named as a defendant in a November 2014 class action lawsuit brought by an au pair, who was not sponsored by Defendant, alleging that Defendant conspired with its co-defendants to fix the wages for au pairs working in the United States. (Dkt. 1 ¶¶ 15–22; Dkt. 14 ¶ 15.) The class action complaint was amended in August 2016 to add a plaintiff, an au pair sponsored by Defendant, who brought additional claims against Defendant. (Dkt. 1 ¶¶ 23–24; Dkt. 14 ¶¶ 23.)

Plaintiff issued Defendant a professional liability insurance policy in February 2015 that Defendant renewed in February 2016. (Dkt. 1 ¶ 8; Dkt. 14 ¶ 8.) In this action, Plaintiff seeks a declaration that the policy does not cover Defendant's liability in the class action lawsuit. Specifically, Plaintiff alleges that because Defendant knew of the class action allegations, the

policy does not apply because it applies only if "[a]s of the inception date of this policy, no insured, had any knowledge of any circumstance likely to result in or give rise to a 'claim' nor could have reasonably foreseen that a 'claim' might likely be made." (Dkt. 1 ¶ 28.) Plaintiff seeks to compel discovery it contends relates to the matters at issue in the case.

## APPLICABLE STANDARDS

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 37 allows any party "on notice to other parties and all affected persons . . . [to] move for an order compelling disclosure or discovery." *Id.* at 37.

## ANALYSIS

Plaintiff seeks to compel responses to its Requests for Production and Interrogatory Requests. Specifically, Request for Production ("RFP") 2, which seeks documents relating to potential insurance coverage for the class action claims from February 2014 through February 2016 is relevant to the crux of Plaintiff's Complaint, i.e., Plaintiff's claim that because Defendant knew of the class action allegations, the policy Plaintiff issued to Defendant does not provide coverage. Accordingly, documents responsive to RFP 2 shall be produced. To the extent Defendant asserts that Plaintiff's request for "analyses, descriptions, or evaluations of the potential coverage provided by Colony Insurance Company" (who insured Defendant at the time Defendant applied for insurance from Plaintiff), seeks documents protected by the attorney-client privilege

or work product doctrine, Defendant shall assert as much in a privilege log served on Plaintiff. *See* Fed. R. Civ. P. 26(b)(5)(A) (requiring that parties withholding otherwise discoverable information on the basis of a privilege or the work product doctrine must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed" in such a manner that enables "other parties to assess the claim"). Therefore, the Motion is granted as RFP 2.

In RFP 3, Plaintiff seeks documents Defendant created or received regarding the claims in the class action lawsuit for the period of February 14, 2014 through February 14, 2015, the year before Defendant's application for insurance from Plaintiff. While relevant to Defendant's knowledge of the class action claims before it applied for insurance coverage from Plaintiff, the request for "all documents" is overly broad. Accordingly, the Motion is granted as to RFP 3 only as to its request for pre-suit demands received by Defendant from February 14, 2014 through February 14, 2015.

The Motion is denied as to RFP 4, requesting all applications for insurance coverage from February 14, 2014 to the present, and RFP 6, requesting a copy of any joint defense agreement in the class action lawsuit, because they seek irrelevant information and the requests are not proportional to the needs of the case. The Motion is denied as to RFP 5, which seeks all documents exchanged among co-defendants in the class action lawsuit, as overly broad. The Motion is denied as to RFP 7 because the burden and expense of the requested discovery, copies of all production and discovery responses made by Defendant in the class action, outweighs any likely benefit to the parties' presentation of their claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). The Motion is granted in part as to RFP 8 as to Plaintiff's request for a copy of the confidentiality order entered in the class action lawsuit, but denied in all other respects as overly broad. Finally,

the Motion is granted as to Interrogatory 2, which asks Defendant to identify its legal counsel in the class action lawsuit and related information such as the dates it retained counsel and the subject matter of the engagement, because it seeks relevant information and is not overly broad.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel (Dkt. 24) is **GRANTED** in part and **DENIED** in part.

**DONE** and **ORDERED** in Tampa, Florida, on October 13, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record